UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILLIAM EARL DEGRATE | CIVIL ACTION NO. 15-2641 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF MONROE, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion for Summary Judgment  [Doc. No. 37] filed by Defendants Jamie Mayo, John Ross, Bruce Watson, Sam Tennessee, Lois Rogers and the City of Monroe (collectively, "Defendants"). For the following reasons, Defendants' Motion for Summary Judgment is GRANTED, and DeGrate's claims are DISMISSED WITH PREJUDICE.

I.    FACTUAL AND PROCEDURAL HISTORY

On October 9, 2013, Plaintiff William Earl DeGrate ("DeGrate") began working for the City of Monroe in the Department of Community Affairs. [Doc. No. 37-3, p. 15]. On October 21, 2013, DeGrate signed an acknowledgment for receipt of the Employee Handbook, At Will Statement and Addendums, Violence Free Workplace Policy, and Memorandum of Understanding. *Id.* 14. According to DeGrate, his job responsibilities were to make sure the children at the City of Monroe's recreation center followed and obeyed the relevant rules and regulations. *Id.* at 4.

During his employment with the City of Monroe, DeGrate also coached a non-city sponsored youth baseball team. *Id.* at 6-7. The Assistant Director of Parks and Recreation for the City of Monroe, Defendant Bruce Watson ("Watson"), confronted DeGrate about the allegation that he had been asking parents for baseball uniform money. *Id.* at 27. Watson explained that his requests were

in violation of the City of Monroe's policy that "no City employee [is] ever to accept funds for any

service related to City activities." *Id.*

In a letter dated October 15, 2014, the City of Monroe notified DeGrate of the charges against

him and that he would be given an opportunity to refute these charges at a pre-disciplinary hearing.

*Id.* at 12-13. On October 21, 2014, the pre-disciplinary hearing was held. *Id.* at 18. After considering

DeGrate's responses during the hearing, DeGrate's employment with the City of Monroe was

terminated in a four-page letter containing the stated reasons for his termination.  *Id.*

On November 4, 2015, DeGrate filed a Complaint against Defendants asserting claims of

wrongful termination, discrimination, and defamation. On November 10, 2016, Defendants filed this

Motion for Summary Judgment [Doc. No. 37]. Plaintiff filed an Opposition to Defendant's Motion

[Doc. No. 46] on December 21, 2016. On December 28, 2016, DeGrate filed a supplemental

memorandum. [Doc. No. 47].

## II.    LAW AND ANALYSIS

### A.    Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).  The moving

party bears the initial burden of informing the court of the basis for its motion by identifying portions

of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*,

954 F.2d 1125, 1132 (5th Cir. 1992).  A fact is "material" if proof of its existence or nonexistence

would affect the outcome of the suit under applicable law in the case. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such

that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party

to establish the existence of a genuine issue of material fact for trial.  *Norman v. Apache Corp.*, 19

F.3d 1017, 1023 (5th Cir. 1994).  The nonmoving party must show more than "some metaphysical

doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986).  In evaluating the evidence tendered by the parties, the Court must accept the

evidence of the nonmovant as credible and draw all justifiable inferences in its favor.  *Anderson*, 477

U.S. at 255

### B.      Wrongful Termination

Plaintiff's first claim is for wrongful termination. When the employer and employee are silent

on the terms of the employment contract, the Civil Code provides the default rule of

employment-at-will. *See* LA. C.C. art. 2747; *Quebedeaux v. Dow Chem. Co.*, 820 So.2d 542, 545 (La.

2002). Under Louisiana law, an at-will employee "could be terminated at any time, for any reason

or for no reason at all, provided the termination does not violate any statutory or constitutional

provision." *Wallace v. Shreve Mem'l Library*, 79 F.3d 427, 429 (5th Cir. 1996). This right may be

altered by a contract between the employer and employee, or tempered by statute. *Quebedeaux*, 820

So.2d at 545.

Here, it is undisputed that DeGrate was an at-will employee. DeGrate points to no contract

or statute that would alter this status. On October 9, 2013, DeGrate signed a document titled

"Personnel Status Change," which classified his employment status as temporary and part-time. *Id.*

at 15. Additionally, on October 21, 2013, DeGrate signed an acknowledgment of receipt for an "At

Will Statement and Addendums." *Id.* 16. The signed acknowledgment also stated, "AT WILL

STATEMENT: It is agreed that my employment with the City is at the will of the City of Monroe."

*Id.*

However, DeGrate states in his Complaint that he was "denied due process," therefore, it appears he argues that his termination violates the constitutional protections of due process under the Fourteenth Amendment. [Doc. No. 1, p.1]. The Court will analyze DeGrate's claims under both substantive and procedural due process.

Substantive due process bars arbitrary, wrongful government action regardless of the fairness of the procedures used to implement them. *Lewis v. University of Texas*, 665 F.3d 625, 630–631 (5th Cir. 2011). "To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Moulton v. Cty. of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993). In order to validly assert a substantive due process claim premised on the loss of government employment, a government employee must assert a property interest in continued employment. *See, e.g., Bolton v. City of Dallas, Tex.*, 472 F.3d 261, 263 (5th Cir. 2006); *Lollar v. Baker*, 196 F.3d 603, 607 (5th Cir. 1999); *Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997). In other words, only government employees who can show that they have a property interest in continued employment are entitled to the substantive due process protections of the Fourteenth Amendment.

As stated above, Degrate is an at-will employee and, therefore, he does not have a property right in his continued employment with the City of Monroe. *Rodriguez v. Escalon*, 90 Fed. Appx. 776, 779 (5th Cir. 2004) (At-will employees do not have a property interest in continued employment under the Fourteenth Amendment's Due Process Clause); *see also Marceaux v. Lafayette City-Par.*

*Consol. Gov't*, 921 F. Supp. 2d 605, 632 (W.D. La. 2013). Accordingly, the Court finds that DeGrate

has failed to assert a valid substantive due process claim, and Defendants' Motion for Summary

Judgment is granted with regard to Degrate's substantive due process claims.

To establish a violation of the Fourteenth Amendment's guarantee of procedural due process,

a plaintiff must prove that (1) he was deprived of a life, liberty, or property interest (2) without the

process that was due. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 & n. 3 (1985).

"[D]ue process is flexible and calls for such procedural protections as the particular situation

demands." *Texas Faculty Ass'n v. University of Texas at Dallas*, 946 F.2d 379, 384 (5th Cir. 1991),

(quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). In any case, however, whenever (1) a state

actor (2) deprives (3) a person (4) of a protected interest, some sort of procedural protection must

be provided. *Texas Faculty Ass'n*, 946 F.2d at 383. The fundamental requirement of due process is

the opportunity to be heard at a meaningful time and in a meaningful manner. *See, e.g., Mathews v.

Eldridge*, 424 U.S. 319, 333 (1976); *Crowe v. Smith*, 151 F.3d 217, 230–31 (5th Cir. 1998).

Although DeGrate broadly alleges in a conclusory fashion that he has been denied due

process [Doc. No. 1, p. 1], there are no allegations that he actually had a property interest, that he

was deprived of a property interest, that he was deprived of some other protected interest, or that he

was denied the opportunity to be heard at a meaningful time and in a meaningful manner.

To the contrary, DeGrate admits that he was provided a letter on October 17, 2014, informing

him that a pre-disciplinary hearing had been set. [Doc. No. 37-3, p. 28]. DeGrate was informed of

the reason he was being investigated, was informed that he would have an opportunity to be heard,

and was informed he could bring an attorney and/or witnesses. *Id.* at 13. DeGrate attended a pre-

disciplinary hearing on October 21, 2014, concerning the allegations. *Id.* at 32-36. On November 3,

2014, the City of Monroe informed DeGrate that he was being terminated for accepting money from citizens relating to his employment activities with the City of Monroe, which violated provisions of the City of Monroe Employee Handbook. *Id.* at 32-36; 41-42.

Under these circumstances, the Court finds DeGrate has failed to assert a valid procedural due process claim, and Defendants' Motion for Summary Judgment is granted with regard to DeGrate's due process and wrongful termination claims.

### C.    Discrimination

DeGrate makes a general claim that he was subjected to discrimination of some type. [Doc. No. 1, p. 5]. He does not identify his protected class or whether the discrimination is related solely to his participation as a coach for a non-city sponsored baseball team or also related to his termination. To the extent DeGrate is attempting to assert discrimination claims under Title VII and § 1981 through § 1983, those claims are without merit.

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1).

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981's protections against race discrimination "include[] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); *see Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002) (citing 42 U.S.C. § 1981) (other citations omitted), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548

U.S. 57 (2006). The Supreme Court has stressed that any claim brought under Section 1981 "must initially identify an impaired 'contractual relationship,' . . . under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 126 S. Ct. 1249 (2006).

Because Title VII, § 1981, and § 1983 are "parallel causes of action," courts apply the same analysis. *Lauderdale v. Tex. Dep't of Crim. Justice, Inst'al Div.*, 512 F.3d 157, 166 (5th Cir. 2007) ("[T]he inquiry into intentional discrimination is essentially the same for individual actions brought under sections 1981 and 1983[ ] and Title VII ."). Thus, to survive summary judgment under each of these statutes, a plaintiff must present direct or indirect evidence of racial discrimination.

### 1. Direct Evidence of Discrimination

"Direct evidence is evidence, which if believed, proves the fact in question without inference or presumption." *Jones v. Robinson Prop. Group*, 427 F.3d 987, 992 (5th Cir. 2005). For a statement or remark to constitute direct evidence of racial discrimination, it must meet the four-factor test in *Auguster v. Vermilion Parish School Board*, 249 F.3d 400, 405 (5th Cir. 2001): the statement must be (1) related to the protected class of persons of which the plaintiff is a member, (2) proximate in time to the employment decision, (3) made by an individual with authority over the employment decision at issue, and (4) related to the employment decision at issue.

In this case, DeGrate only alleges that "Plaintiff was discriminated against when plaintiff had to go to Ruston Louisiana [and] Farmerville Louisiana to find games just for the kids to have somebody to play." [Doc. No. 1, p. 5]. Additionally, DeGrate complains that the lack of a comparable field at "Johnson" to Saul Adler Field is evidence of discrimination. *Id.*

DeGrate has presented no direct evidence of discrimination. Accordingly, the Court will analyze his claims under the traditional burden-shifting framework applicable to circumstantial

evidence of discrimination.

### 2.    Circumstantial Evidence of Discrimination

When a plaintiff relies on circumstantial evidence of discrimination, courts employ the traditional burden-shifting framework. First, the plaintiff must establish a prima facie case by showing that (1) he is a member of a protected class, (2) he is qualified for the position at issue, (3) he was subject to an adverse employment action, and (4) he was replaced by someone outside the protected class or that similarly situated individuals outside the protected class were treated more favorably. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (internal quotation marks and citations omitted).

If the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to provide a "legitimate, nondiscriminatory reason" for the adverse action. *Id.* at 512. The employer's burden is only one of production, not persuasion, and involves no credibility assessment. *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011). If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. *Id.* To carry this burden, the plaintiff must rebut each nondiscriminatory reason articulated by the employer. *Id*.

Here, DeGrate has failed to present a *prima facie* case for discrimination related to his employment. DeGrate has failed to identify what protected class he is a member of, such as African-American. While DeGrate might be in a protected class,[1] he has presented no evidence that he was

---

[1]The Court notes that the record fails to identify DeGrate's race or what other protected class of which he could be a member.

treated less favorably than other similarly-situated employees or that he was replaced by someone outside his protected class.

Further, Defendants have articulated legitimate and nondiscriminatory reasons for DeGrate's termination: DeGrate's "employment activities combined with the allegations of parents of his soliciting funds for the purchase of uniforms and having been told not to do so by the Director of Parks and Recreation." [Doc. No. 37-1, p. 5]. Several parents averred that DeGrate collected money for baseball uniforms, but never provided any uniforms. [Doc. No. 37-3, p. 23-26]. DeGrate violated the City of Monroe's employee policy prohibiting employees from receiving cash funds from any activity related to his employment with the City of Monroe. In response, DeGrate has made no effort to demonstrate that Defendants' proffered reasons are pretextual. In his deposition, DeGrate refused to answer questions related to whether he accepted funds and, stated "that is not any of your business." *Id.* at 9-10.

Additionally, to the extent DeGrate asserts a discrimination claim based on his participation as a coach with a non-city sponsored baseball team, his allegations are insufficient as a matter of law. DeGrate has failed to present evidence that he is a member of a protected class, or that comparative actors received more favorable treatment. DeGrate relies on conclusory allegations supported by his own unsworn statements in his pleadings, which are not competent summary judgment evidence. *See Johnston v. City of Houston*, 14 F .3d 1056, 1060 (5th Cir. 1994). Further, Defendants have supplied the Court with an un-rebutted affidavit from Watson that the facilities at Johnson and Saul Adler Field look essentially the same and both are mowed regularly. [Doc. No. 37-3, p. 27-28].

DeGrate has failed to raise a genuine issue for trial as to any viable discrimination claims. Therefore, Defendant's Motion for Summary Judgment on DeGrate's discrimination claims is

GRANTED.

### D. Defamation

Finally, DeGrate asserts a claim for defamation of character. [Doc. No. 1, p. 5]. Under Louisiana law, defamation is a tort involving the invasion of a person's interest in his reputation and good name. *Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669, 674 (La. 2006). The four elements of a defamation claim are: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault; and (4) injury. *Id.* A statement is defamatory if it "tends to harm the reputation of another so as to lower the person in the estimation of the community, deter others from associating or dealing with the person, or otherwise expose the person to contempt or ridicule." *Id.*

DeGrate appears to assert a claim of defamation stemming from an alleged interaction between Defendant Sam Tennessee and an unidentified girl on an undisclosed date. [Doc. No. 1, p. 5]. DeGrate asserts in his Complaint that "Mr. Sam Tennessee went on Bonner Dr. asking a little girl to sign a paper that Mr. Sam written about William Earl DeGrate . . . ." *Id.* However, DeGrate fails to identify the statement allegedly prepared by Defendant Sam Tennessee, that any such statement was false or defamatory, that the statement was unprivileged, or that he received an injury from any statement. Additionally, any statements made by Defendants concerning the investigation of DeGrate's wrongdoing is subject to a qualified privilege and does not constitute defamation. *See, e.g., Sears, Roebuck, and Co., v. Danny Williams Plumbing Co.*, 1999 WL 280439, * 4 (E.D. La. 1999); *see also Filson v. Tulane Univ.*, 2010 WL 5477189, * 7 (E.D. La. 2010); *see also Espree v. Tobacco Plus, Inc.*, 772 So.2d 389, 391-92 (La. App. 3 Cir. 2000). DeGrate's bare accusation of defamation is insufficient to establish any claim for defamation. Therefore, the Court finds DeGrate

has failed to assert a valid claim for defamation, and Defendants' Motion for Summary Judgment

is granted with regard to DeGrate's defamation claim.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 37] is

GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 30th day of January, 2017.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**